**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy Cole, | No. CV-25-01512-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Tiffany & Bosco, P.A., *et al.*, | |
| Defendants. | |

At issue is Defendants Tiffany & Bosco, P.A., Lance R. Broberg, and Tiffany Broberg's Motion to Dismiss (Doc. 16, MTD), to which Plaintiff Stacy Cole filed a Response (Doc. 18, Resp.) and Defendants filed a Reply (Doc. 19). For the reasons set forth below, the Court denies Defendants' motion.

## I.    BACKGROUND

The facts of this case arise out of a life insurance policy payout dispute between Plaintiff and Jacob, April, and Caleb Swortzel (collectively "Swortzels"), the children of decedent Robert Swortzel ("Robert").

In her Amended Complaint ("AC"), Plaintiff makes the following allegations, which the Court construes as true for purposes of resolving Defendants' Motion. Plaintiff and Robert married on October 2, 2016. (AC ¶ 12.) During their marriage, the two exchanged nude photographs of themselves with each other. (*Id.* ¶ 13.) They divorced on May 31, 2018, but maintained a relationship and planned to get remarried. (*Id.* ¶¶ 14–15.) On December 15, 2019, Robert applied for a life insurance policy with Allianz Life Insurance Company ("Allianz"). (*Id.* ¶ 17.) Robert's financial planner, Gerald Henige

("Henige"), assisted Robert in completing the life insurance policy application, resulting in the Swortzels being named as the primary beneficiaries. (*Id.* ¶¶ 17–19.) On February 6, 2020, Allianz approved Robert for a $600,000 life insurance policy, which Robert signed on February 13, 2020. (*Id.* ¶¶ 21–22.) At some point, Robert realized his life insurance policy listed the Swortzels as the primary beneficiaries instead of Plaintiff and, on April 3, 2020, met with Henige to sign a change-of-beneficiary form naming Plaintiff as the primary beneficiary. (*Id.* ¶¶ 24–25.) On May 1, 2020, Allianz mailed Robert a letter confirming this change of beneficiaries. (*Id.* ¶ 28.) Over a year later, on November 21, 2021, Robert died in an aviation accident. (*Id.* ¶ 33.) On December 3, 2021, Allianz sent Plaintiff a letter informing her of her benefits as the beneficiary of Robert's life insurance policy. (*Id.* ¶ 34.) On February 17, 2022, Plaintiff completed and submitted the appropriate forms to Allianz to receive those benefits. (*Id.* ¶ 38.) On April 15, 2022, Allianz notified Plaintiff that the Swortzels were making a claim on Robert's policy and contesting Plaintiff as the beneficiary. (*Id.* ¶ 43.) The Swortzels alleged that the divorce between Plaintiff and Robert disqualified her as a beneficiary of Robert's life insurance policy, and that the signature on the change of beneficiary form was not Robert's. (*Id.* ¶ 46.)

Eventually, after much back-and-forth between Plaintiff, Allianz, and the Swortzels, Plaintiff filed suit against Allianz and the Swortzels in Arizona state court. (*Id.* ¶ 56.) The state court litigation centered on the execution of the change of beneficiary form and whether the form was properly executed. (*Id.* ¶ 60.) In the course of this dispute, Defendant Lance R. Broberg ("Defendant Lance"), as counsel for the Swortzels, transmitted via email a Disclosure Statement to all counsel of record in the life insurance litigation on May 2, 2023. (*Id.* ¶ 61.) The contents of that disclosure statement are the subject of Plaintiff's claim in this Court. That disclosure statement included two nude photographs of Plaintiff that she had taken of herself and sent to Robert while they were still married. (*Id.* ¶¶ 62–63.) Plaintiff was identifiable in the photographs by her face, by the surrounding text message chain, and by her identification in the Disclosure Statement. (*Id.* ¶ 66.)

. . .

Plaintiff further alleges that on the same day Defendant Lance served the Disclosure Statement, he also transmitted an offer of settlement letter to all counsel stating that the evidence disclosed was "concerning to say the least" and that "discovery may lead to even more concerning evidence." (*Id.* ¶¶ 69–70.) She also notes that Defendant Lance did not claim the photographs were disclosed inadvertently. (*Id.* ¶ 72.) Plaintiff thus contends this letter demonstrates that the photographs were disclosed not for legitimate litigation purposes but as a tool to compel settlement. (*Id.* ¶¶ 68–73.) Plaintiff additionally alleges that, prior to the disclosure, she had asked the Personal Representative of Robert's estate for assurances that her intimate photographs would remain private, and the Personal Representative agreed to protect her privacy with respect to the photographs. (*Id.* ¶¶ 36–37.) Plaintiff claims that, on information and belief, Defendant Lance knew that Plaintiff had withheld consent for the Personal Representative to distribute her photographs but disclosed them anyway. (*Id.* ¶ 94.)

Plaintiff now brings this action against Defendant Lance, alleging that he violated 15 U.S.C. § 6851, the Violence Against Women Reauthorization Act of 2022, by distributing Plaintiff's nude photographs to all counsel of record in the Arizona state court action without her consent.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.   ANALYSIS

### A.   Plaintiff's Claim under 15 U.S.C. § 6851

Plaintiff brings her claim under 15 U.S.C. § 6851, which provides a civil right of action for any individual

> whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure.[1]

15 U.S.C. § 6851(b)(1)(A). The statute defines disclosure as "to transfer, publish, distribute, or make accessible." *Id.* § 6851(a)(4). Notably, as an exception, an individual may not seek relief if the disclosure was "made in good faith . . . as part of a legal proceeding." *Id.* § 6851(b)(4)(B)(ii). Plaintiff does not appear to dispute that her

---

[1] Defendants do not argue that Plaintiff's photographs fall outside the scope of 15 U.S.C. § 6851. The Court therefore assumes, without deciding, that the statute applies to Plaintiff's photographs and confines its analysis to the issues raised.

photographs were disclosed "as part of a legal proceeding" but rather alleges that Defendants did not disclose her photographs in good faith. (AC ¶¶ 68, 100.) Defendants counter that Plaintiff makes a conclusory assertion of bad faith without alleging any facts that would support her claim. (MTD at 6–7.)

### 1.    Plaintiff plausibly alleges bad faith.

The legislative history and statutory text of 15 U.S.C. § 6851 do not define what constitutes a disclosure made in "good faith" as part of a legal proceeding. Where, as here, "a statute does not define a term, we generally interpret that term by employing the ordinary, contemporary, and common meaning of the words that Congress used." *United States v. Iverson*, 162 F.3d 1015, 1022 (9th Cir. 1998). However, if statutory terms "have accumulated settled meaning under . . . the common law . . . a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms." *United States v. Kelly*, 676 F.3d 912, 917 (9th Cir. 2012) (quoting *NLRB v. Amax Coal Co.*, 453 U.S. 322, 329 (1981)); *see also Neder v. United States*, 527 U.S. 1, 21–22 (1999). Although no federal appeals court has yet to establish the threshold required for the "good faith" disclosure exception as set forth in 15 U.S.C. § 6851(b)(4)(B)(ii),[2] "courts interpreting other federal statutes have traditionally interpreted 'good faith' to encompass a subjective standard." *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004). Under that standard, an inquiry into good faith "ordinarily depends on a defendant's subjective state of mind rather than the objective reasonableness of the defendant's belief." *United States v. Wallen*, 874 F.3d 620, 631 (9th Cir. 2017).

Here, Plaintiff alleges that Defendant Lance disclosed her intimate photographs in bad faith by doing so despite her objections, "insist[ing] his actions were appropriate," "refus[ing] to remove the photographs and all references to them from the Disclosure

___

[2] *But cf. Turner v. Echols*, No. 7:24-CV-00864, 2025 WL 2807043, at *3 (W.D. Va. Sept. 29, 2025) (finding that an FBI Special Agent's disclosure to other law enforcement officers of intimate photographs found on the plaintiff's phone "as part of a criminal investigation into sex trafficking" fell within the good faith disclosure exception under 15 U.S.C. § 6851(b)(4)(B)).

Statement, leaving open the threat of using them at trial," and disclosing them despite their irrelevance to the state court action. (AC ¶¶ 67–68, 71–73.) Taken together with Plaintiff's contention that Defendant Lance disclosed her photographs alongside a settlement offer incorporating a description of the disclosed evidence as "concerning to say the least," the Amended Complaint pleads facts that plausibly suggest misconduct rather than "facts that are merely consistent with a defendant's liability." *Iqbal*, 556 U.S. at 678 (citation omitted). The Court recognizes that Defendant Lance inarguably had a duty to disclose potentially relevant evidence during the state litigation process. Still, Plaintiff plausibly alleges Defendant Lance's improper motive in disclosing her nude photographs when he allegedly disclosed them knowing she did not consent to their disclosure, he did not claim they were disclosed inadvertently, he refused to remove them from the Disclosure Statement, and he immediately followed up their disclosure with a settlement offer incorporating the "concerning" evidence disclosed.

### 2.    Disclosure relevance requires further factual development.

Whether Defendants acted in bad faith in part turns on whether Plaintiff's intimate photographs were relevant to the state court action. If they were relevant, disclosure may have been required. If not, the disclosure may have been improper and in bad faith.

Defendants' duty to disclose Plaintiff's photographs in litigation is an issue rooted in state disclosure laws. "When reviewing issues of state law, a federal court is bound to follow the decisions of a state's highest court in interpreting that state's law." *Ogden Martin Sys., Inc. v. San Bernardino Cnty., Cal.*, 932 F.2d 1284, 1288 (9th Cir. 1991) (quoting *Olympic Sports Prods. v. Universal Athletic Sales Co.*, 760 F.2d 910, 912–13 (9th Cir. 1985)).

Arizona Rule of Civil Procedure 26.1 requires each party to disclose hard-copy documents and electronically stored information "that may be relevant to the subject matter of the action." Ariz. R. Civ. P. 26.1. Arizona courts have interpreted Arizona Rule 26.1 broadly, stating that "[a]ll that is required to trigger a duty to disclose under Rule 26.1[] is a determination that . . . a document 'may' have relevant content." *Norwest Bank (Minn.),*

*N.A. v. Symington*, 3 P.3d 1101, 1105 (Ariz. Ct. App. 2000). Further, "'relevance' for discovery purposes is quite broad, not limited to evidence that is admissible at trial but including information that may be useful solely because it reasonably may lead to admissible evidence." *Id.*; *see also Brown v. Super. Ct.*, 670 P.2d 725, 730 (Ariz. 1983) (noting that the "requirement of relevance at the discovery stage is more loosely construed than that required at trial" and the information sought in discovery "need only be reasonably calculated to lead to the discovery of admissible evidence" (quoting Ariz. R. Civ. P. 26(b)(1)))(citation modified).

Plaintiff alleges that her intimate photographs were not relevant to the state court action, and that Defendants therefore lacked any duty to disclose them. (AC ¶¶ 67, 96.) When Plaintiff objected to the disclosure, Defendant Lance dismissed her concerns and insisted his actions were appropriate. (*Id.* ¶ 71.) Defendants maintain this position here, invoking Arizona Rule 26.1(a)'s requirement to disclose electronically stored information that "may be relevant to the subject matter of the action." (MTD at 7.) Defendants further argue that because Plaintiff herself intended to rely on the text message thread to prove the legitimacy of the change of beneficiary form, the entire thread, including the intimate photographs, was plainly relevant to the state court action and subject to mandatory disclosure. (MTD at 6–7.) However, even if the broader text message thread was relevant to the parties' competing narratives about the nature of Plaintiff and Robert's relationship, it does not necessarily follow that the nude photographs embedded within that thread may have themselves been relevant to the central question in the state court litigation—the legitimacy of the change of beneficiary form. The determination of the possible relevance of Plaintiff's intimate images, as distinct from the surrounding textual communications, requires further factual development that the Court cannot resolve on the allegations at the Motion to Dismiss stage.

Thus, accepting the Amended Complaint's factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court cannot conclude at this stage that

Defendants disclosed the photographs in good faith as part of a legal proceeding so as to bar Plaintiff's claim under 15 U.S.C. § 6851.

### B.    Arizona's Absolute Litigation Privilege

Defendants contend that Arizona's absolute litigation privilege bars Plaintiff from bringing tort claims under 15 U.S.C. § 6851 arising out of the state court action. (MTD at 8–9.) However, "[a] state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 851 (9th Cir. 2004) (quoting *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998)).

In Arizona, "[a]n absolute privilege exists for participants in judicial proceedings." *W. Techs., Inc. v. Sverdrup & Parcel, Inc.*, 739 P.2d 1318, 1321 (Ariz. Ct. App. 1986). This "privilege protects judges, parties, lawyers, witnesses and jurors. The defense is absolute in that the speaker's motive, purpose or reasonableness in uttering a false statement do not affect the defense." *Green Acres Tr. v. London*, 688 P.2d 617, 621 (Ariz. 1984). Whether or not "privilege exists is a question of law for the court . . . and may be properly raised in a motion to dismiss." *Id.*

This Court has recognized that there are instances in which the state's litigation privilege applies.[3] Here, however, the exact language of 15 U.S.C. § 6851 is both informative and dispositive. Beyond specifically providing for a federal civil cause of action, § 6851 includes discrete exceptions for when an individual may not bring an action for relief. Relevant here, "[a]n identifiable individual may not bring an action for relief under this section relating to . . . a disclosure made in good faith . . . as part of a legal proceeding." 15 U.S.C. § 6851(b)(4)(B)(ii). By conditioning the litigation exception on a good faith requirement, Congress deliberately chose not to immunize all disclosures made in litigation, but only those "made in good faith." This conflicts with Arizona's absolute litigation privilege to the extent the privilege expressly prevents any inquiry into the

---

[3] *See Fishburne v. CitiMortgage Inc.*, No. CV-19-00256-PHX-JJT, 2019 WL 4600148, at *4 (D. Ariz. Sept. 23, 2019) (finding that the defendants were protected by Arizona's litigation privilege when the plaintiff alleged that they committed fraud by "simply bringing the [state court] lawsuit" and raising claims therein).

disclosing party's "motive, purpose or reasonableness." *Green Acres Tr.*, 688 P.2d at 621. In this sense, permitting Arizona's absolute litigation privilege to operate alongside § 6851 would render Congress's contemplated good faith condition void. In a case such as this one, any defendant who disclosed intimate images in litigation could invoke state absolute privilege and avoid the good faith inquiry Congress intended to create by the plain language of the statute.[4] Thus, Arizona's absolute litigation privilege does not bar Plaintiff's claims under 15 U.S.C. § 6851.

## IV.    ATTORNEYS' FEES

Defendants seek attorneys' fees and costs to be paid jointly and severally by Plaintiff and her attorney under Fed. R. Civ. P. 11(c)(1). (MTD at 9.) Defendants contend that Plaintiff's Amended Complaint "contains numerous factual and legal contentions that do not amount to colorable claims." (*Id.*) Since the Court denies Defendants' Motion to Dismiss, Defendants' basis for requesting attorneys' fees is now moot, and the Court declines to award them.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff has plausibly alleged that Defendants did not disclose her intimate photographs in good faith. Further, Arizona's absolute litigation privilege does not bar her federal cause of action under 15 U.S.C. § 6851.

**IT IS THEREFORE ORDERED** denying Defendants' Motion to Dismiss (Doc. 16). Defendants shall file an Answer to the Amended Complaint (Doc. 15) within the time set forth in the Federal Rules of Civil Procedure.

Dated this 27th day of April, 2026.

Honorable John J. Tuchi
United States District Judge

---

[4] "A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced." *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (quoting *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980)).